J-S47019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PHYLLIS MCALLISTER | |
| Appellant | No. 1613 MDA 2015 |

Appeal from the Judgment of Sentence August 11, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003155-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 06, 2016**

Appellant Phyllis McAllister ("Appellant") appeals from the August 11, 2015 judgment of sentence entered in the Luzerne County Court of Common Pleas following her guilty plea convictions for criminal conspiracy to deliver a controlled substance[1] and possession of a controlled substance with intent to deliver ("PWID").[2]  Appellant's counsel has filed an **Anders**[3] brief, together with a petition to withdraw as counsel.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

_____

[1] 18 Pa.C.S. § 903.

[2] 35 P.S. § 780-113(a)(30).

[3] **Anders v. California**, 386 U.S. 738 (1967).

On May 22, 2015, Appellant pleaded guilty to the aforementioned charges. On August 11, 2015, the trial court sentenced Appellant to 18 to 36 months' incarceration on the conspiracy conviction and a concurrent term of 18 to 36 months' incarceration on the PWID conviction. Appellant lodged no objections at sentencing, and did not file post-sentence motions.

Appellant filed a notice of appeal on September 10, 2015, and a Pa.R.A.P. 1925(b) statement on October 13, 2015. The trial court filed its Pa.R.A.P. 1925(a) opinion on November 6, 2015.[4]

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to *Anders v. California* and its Pennsylvania counterpart, *Commonwealth v. Santiago*.[5] Before addressing the merits of Appellant's underlying issue presented, we must first pass on counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

---

[4] The Commonwealth did not file a brief with this Court.

[5] 978 A.2d 349 (Pa.2009).

- 2 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel contemporaneously filed a petition to withdraw as counsel with the **Anders** brief. The petition states counsel's determination that Appellant's appeal is wholly frivolous and that no meritorious issues exist. **See** Petition to Withdraw As Counsel, ¶ 3. The petition further explains that counsel notified Appellant of the withdrawal request and sent Appellant a letter explaining her right to proceed *pro se* or with new,

privately-retained counsel.[6]  *See id.* at ¶ 4; *see also* Letter to Appellant, March 17, 2016.  In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is frivolous and his reasons therefor.  *See Anders* Brief, pp. 4-9.  Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue of arguable merit raised in the *Anders* brief:

    1.  Whether the trial court abused its discretion in sentencing the Appellant[?]

*Anders* Brief, p. 1.

This claim raises a challenge to the discretionary aspects of Appellant's sentence.  "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right."  *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011).  Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

---

[6] The letter further makes clear that counsel supplied Appellant with a copy of the *Anders* brief.  *See* Letter to Appellant, January 29, 2016.

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Allen*, 24 A.3d at 1064.

Here, Appellant filed a timely notice of appeal. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f).[7] **See** Appellant's Brief, p. 3. However, Appellant did not preserve his issue by lodging an objection at sentencing or by filing a post-sentence motion for reconsideration of sentence. Therefore, because she did not properly preserve her discretionary aspects of sentencing claim, Appellant waived this claim for review.

_____

[7] Appellant's Rule 2119(f) statement states, in its entirety:

> The trial court refusing the Appellant entry into the Intermediate Punishment Program is a substantial question requiring a discretionary review. 42 Pa.C.S.[] § 9781(b); Pa.R.A.P. 2119(f).

Appellant's Brief, p. 3. Although this Rule 2119(f) statement is meager and nearing insufficiency, the Commonwealth did not object. Therefore, we may overlook the statement's deficiencies. **See Commonwealth v. Gould**, 912 A.2d 869, 872 (*quoting* **Commonwealth v. Bonds**, 890 A.2d 414, 418 (Pa.Super.2005)) ("[i]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)") (internal brackets omitted).

Further, even had Appellant properly preserved her issue, it does not present a substantial question for review. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); **see also** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." *Id.* A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. *Id.*; *see also Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa.Super.2013). Further, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super.2010).

In his Pa.R.A.P. 2119(f) statement, Appellant alleges that the trial court abused its discretion by refusing her request to serve her sentence on intermediate punishment, instead of total confinement. *See* Appellant's Brief, p. 3. Appellant does not articulate how this particular argument either violates the Sentencing Code or represents a deviation from the fundamental norms of sentencing. Hence, Appellant has not presented a substantial question for review.

Further, even had Appellant stated a substantial question for review, we would affirm on the merits. We review discretionary aspects of sentence claims under the following standard of review:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

**Commonwealth v. Malovich**, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b).

In imposing sentence, the trial court considered the sentencing guidelines, the pre-sentence investigation report,[8] the arguments of counsel, and the testimony of Appellant. N.T. 8/11/2015, pp. 2-7. The trial court

---

[8] Where a sentencing court had the benefit of a pre-sentence investigation report, we assume the sentencing court was aware of relevant information contained therein and weighed that information along with any mitigating factors. **Moury**, 992 A.2d at 171.

then sentenced Appellant to a standard range sentence. ***Id.*** at 5-7. We find no abuse of discretion in the trial court's sentencing.

Given the foregoing, Appellant has not properly preserved his claim for review by this Court. Further, she has not raised a substantial question regarding the appropriateness of her sentence. Finally, even if she had raised a substantial question for review, her claim would fail on the merits. Accordingly, we agree with counsel that Appellant's claim is wholly frivolous. Moreover, our independent review of the record has revealed no other preserved issues of arguable merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016